BRISCOE, Circuit Judge,
concurring and dissenting:
I concur in part and dissent in part. I agree with much of the majority decision, including (1) the conclusion in Part II that a waiver of 28 U.S.C. § 2255 rights in a plea agreement is generally enforceable, (2) the conclusion in Part III that a claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by a waiver of appeal or collateral attack rights in the agreement itself, and (3) the conclusion in Part IV.C. that the waiver-of-appeal-rights provision of the plea agreement entered into by the defendant does not preclude him from asserting that his counsel was ineffective for failing to inform him of the impact of Bailey prior to entry of the plea agreement.[1] My disagreement stems from the majority’s conclusion that a general waiver-of-appeal-rights provision, such as the one at issue here, is sufficient to preclude a defendant from asserting on direct appeal or in a § 2255 motion Sixth Amendment violations that occur after entering into the plea agreement.
In United States v. Attar, 38 F.3d 727 (4th Cir.1994), the court rejected the notion that
a defendant can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel, for a defendant’s agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.
Id. at 732. I agree with this holding.[2] In the case at hand, it is reasonable to conclude that defendant agreed to waive his right to appeal his sentence based, in part, upon the assumption that he would receive effective assistance of counsel after entry of his guilty plea. For example, it is reasonable to conclude that defendant assumed his counsel would file appropriate objections to the presentence report, and would likewise take the necessary steps to ensure that the government satisfied its burden of proof at the sentencing proceedings. Indeed, these conclusions are sup *1192 ported by the language of the plea agreement itself, which anticipates that both parties may file objections to the presen-tence report. ROA, Doc. 4, Exhibit A at 5-6(¶ 9). Likewise, it is reasonable to conclude that defendant assumed his counsel would, if necessary, move to withdraw the plea agreement in the event legal decisions issued after entry of the plea called into doubt the validity of the plea.
To conclude otherwise would mean that, by generally waiving his right to appeal or file a collateral attack, a criminal defendant also effectively waives his Sixth Amendment right to effective assistance of counsel during the post-plea proceedings. Although the right to effective assistance of counsel can be waived, I am persuaded that it requires a more explicit waiver provision than the one found in the plea agreement here. See, e.g., United States v. Williamson, 806 F.2d 216, 219 (10th Cir.1986) (discussing requirements for valid waiver of Sixth Amendment right to effective assistance of counsel).
Having said this, I acknowledge that the Seventh Circuit has refused’, based upon general waiver-of-appeal-rights provisions in plea agreements, to address ineffective assistance claims which alleged deficient performance of counsel during sentencing {e.g., counsel’s failure to raise various sentencing issues that would have resulted in a lower sentence). See United States v. Joiner, 183 F.3d 635, 644-45 (7th Cir. 1999). In doing so, the Seventh Circuit has characterized such claims as little more than “garden-variety attacks” on the underlying sentence, guised as claims of ineffective assistance. While I acknowledge the Seventh Circuit’s interest in upholding the underlying plea agreements, I question whether this approach is the proper one. In Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), the Supreme Court emphasized there is a legal distinction between a habeas petitioner’s Sixth Amendment ineffective assistance of counsel claim and the underlying claim that counsel allegedly failed to assert at trial. In particular, the Court noted that while the defaulted claim “is one element of proof of [the] Sixth Amendment claim, the two claims have separate identities.” Id. at 375, 106 S.Ct. 2574. Thus, for purposes of determining the applicability of the waiver-of-rights provision contained in defendant’s plea agreement, a distinction must be made between the ineffective assistance claims and the underlying claims that counsel allegedly failed to make. In other words, it seems to me improper to characterize the ineffective assistance claims as “garden-variety” attacks on the sentence itself.
For these reasons, I would reverse and remand with directions to the district court to consider on the merits defendant’s claims that his counsel was ineffective for failing (1) to move to withdraw the plea agreement based upon Bailey, and (2) to challenge the trial court’s finding, at the time of sentencing, that the crimes at issue involved d-methamphetamine.

. The precise nature of defendant's Bailey— based claim hinges on whether Bailey was issued before or after entry of the plea agreement. If Bailey was issued before entry of the plea agreement, there are two aspects to the claim: (1) that counsel should have advised defendant of Bailey prior to entry of the plea, and (2) that counsel should have, in any event, moved to withdraw the plea. If Bailey was issued after entry of the plea, the claim is limited to the assertion that counsel should have moved to withdraw the plea.

. In my view, the majority reads Attar too narrowly. For example, the majority attempts to distinguish Attar, in part, on the grounds that the plea agreement at issue there specifically reserved the “right to appeal based upon grounds of ineffective assistance of counsel ... not known to the Defendants at the time of the[ir] ... guilty plea.” 38 F.3d at 729. As the majority ultimately concedes, however, the Fourth Circuit did not rely on this provision in reaching its decision. A review of the facts of Attar indicates that this provision was inapplicable since the defendants were not seeking to assert on appeal that they received ineffective assistance of counsel after they entered into their plea agreements, but rather that they were denied the right to counsel altogether after they entered into their plea agreements.